JACKSON SMITH v. T. F. DEWEESE.

INJUNCTION—MAYOR'S COURT.—A mayor of a city has no jurisdiction to try civil causes, unless.conferred upon him by the act of incorporation of the city; and a judgment in a civil cause will be enjoined on application to the District Court.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

F. M. Hays assigned an account against Jackson Smith to T. F. Deweese, who brought suit thereon before Matthew Wood, mayor of the city of Tyler.

Judgment was rendered in favor of Deweese and against Smith and Hays for the amount of the account so assigned.

August 13, 1872, Smith presented his petition for *certiorari* and injunction against Deweese and Wood, alleging the facts and proceedings had before the mayor, Wood; insisting that the account was unjust, that it was assigned

to Deweese by Hays for the purpose of conferring juris-
diction of the suit upon Wood; conspiracy between Hays,
Deweese, and Wood; and further, "that the city of Tyler
is incorporated under a special act of the legislature, de-
fining and limiting the power and authority of the mayor
and board of aldermen, and not under the general laws of
incorporation;" "that the civil jurisdiction of a magistrate
is not conferred upon the mayor of the city of Tyler by the
act of its incorporation," copy of which was appended to
the petition as an exhibit.

Deweese answered under oath, denying the facts alleged
in the petition, except as to the alleged want of jurisdic-
tion of the mayor, and submitted a motion to dissolve the
injunction for want of equity in the bill, and because his
answer had sworn away the equities in the bill.

The motion was sustained, the injunction dissolved, and
the bill dismissed.

From this judgment Jackson appealed.

*John L. Henry*, for appellant.

*Stephen Reaves*, for appellee.

DEVINE, ASSOCIATE JUSTICE.—Appellant, Smith, obtained
an injunction restraining appellee, Deweese, from collecting
(and Matthew Wood, as mayor of the city of Tyler, from
issuing any execution upon) a judgment obtained against
appellant by Deweese before Wood, as mayor of the city
of Tyler, and among other grounds for the injunction,
averred that the mayor of Tyler had no jurisdiction to hear
and determine civil actions between parties.

Deweese answered, and moved to dissolve the injunc-
tion. The judge sustained the motion, dissolved the in-
junction, and dismissed the petition, from which appellant
has appealed, and assigns for error the dissolving of the
injunction and dismissal of the bill, although the defend-

ant, in the injunction, had failed in his answer to assert or claim that Wood, the mayor of Tyler, had jurisdiction of the case.

The appellant, in his petition, referred to and filed with it, as an exhibit, a certified copy of the act incorporating the city of Tyler, approved April 26, 1871. There is nothing in this act of incorporation which can be construed to vest in the mayor power to try civil suits between parties. If such power exists, it is not shown by the record before us.

The court erred in dissolving the injunction.

The judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.