### BLACK et al. v. BLACK. (No. 330.)

Court of Civil Appeals of Texas. Eastland.

Sept. 9, 1927.

**1. Divorce ⬥302—Divorce judgment awarding custody of children is final judgment, notwithstanding attempt to retain jurisdiction.**

Judgment in divorce case in which custody of children was decreed was final judgment, notwithstanding that court undertook to retain exclusive jurisdiction to award custody of children.

**2. Divorce ⬥303(1)—Either party to final divorce judgment awarding custody of children may have question of such custody readjudicated by filing independent suit.**

Either party to divorce action may at any time after judgment awarding custody of children becomes final, have question of such custody reopened and readjudicated by filing independent suit alleging change in conditions, demanding modification of award.

**3. Divorce ⬥303(1)—Pleading styled "Motion for Contempt and Custody of the Children," given same number on docket as divorce action, held original petition for readjudication of custody of children.**

Petition by divorced wife for care and custody of children *held* to be original petition for readjudication of such custody on account of changed conditions arising since rendering of judgment awarding custody in divorce suit, notwithstanding that it was styled "Motion for Contempt and Custody of the Children," and given same number on docket as original judgment.

**4. Venue ⬥36—General venue statutes govern divorced wife's action to readjudicate custody of children, notwithstanding court's undertaking in divorce judgment to retain jurisdiction.**

Statutes governing venue generally apply in action by divorced wife for readjudication of custody of children because of changed conditions arising since original judgment awarding such custody in divorce action, notwithstanding that court in original judgment undertook to retain exclusive jurisdiction to award custody of children.

**5. Venue ⬥36—Divorced wife's action to readjudicate question of children's custody must be transferred to county of defendant's residence on defendant's motion.**

Action by divorced wife for readjudication of custody of children because of changed conditions arising since original divorce judgment awarding such custody must be transferred to county of defendant's residence on motion for change of venue, as against contention that court rendering divorce judgment can retain jurisdiction and control over children.

**6. Appeal and error ⬥840(1) — Question whether defendants waived plea of privilege, not passed on by trial court, is not before reviewing court.**

Question whether defendants waived plea of privilege by filing answer in trial court seeking affirmative relief will not be determined by reviewing court, where record affirmatively showed that trial court had not passed on it.

**7. Appeal and error ⬥531—Defendant's answers, not introduced in evidence on trial of plea of privilege, have no place in transcript on appeal from order overruling plea.**

Where plaintiff, relying on answers filed by defendants as constituting waiver of plea of privilege, did not introduce such pleadings in evidence on trial of plea of privilege, they have no proper place in transcript on appeal from order overruling plea.

Appeal from District Court, Dallas County; E. E. Hurt, Special Judge.

Suit to readjudicate question of custody of children of divorced parents by Nellie Black against George W. Black and another, in which defendants filed a plea of privilege. From a judgment overruling the plea, defendants appeal. Reversed and remanded, with instructions.

Thomas, Frank, Milam & Touchstone, and Allen Wight, all of Dallas, and Marshall & King, of Graham, for appellants.

Hurt & Jacks, of Dallas, for appellee.

HICKMAN, J. The appeal is from an order overruling a plea of privilege. On the 17th day of December, 1920, a judgment of divorce was rendered in the Sixty-Eighth district court of Dallas county in favor of Nellie Black against George W. Black. The custody of their five children was awarded by the judgment in this language:

"It further appearing to the court that there were five children born to plaintiff and defendant during their said marriage, to wit: Ewell Black, a boy; Doris Black, a girl; Nell Black, a girl; Evelyn Black, a girl; and Betty Black, a girl; and it is ordered by the court, having in view the welfare of said children, that the present care, custody, and control of Ewell Black, Doris Black, Nell Black, and Evelyn Black be granted to defendant George W. Black, and that plaintiff be awarded the present custody and control of Betty Black. The above arrangement as to said children being at all times subject to the further orders of this court."

Mrs. Nellie Black continued to reside in Dallas county, but George W. Black moved to Young county, and placed the children awarded to him in the home of his father, the appellant G. W. Black. On the 19th day of December, 1925, an order was issued by the

judge of the court rendering the original judgment, commanding the sheriff of Young county, Tex., to obtain the custody of said children from the appellants for a period of two days during Christmas week, and to permit the mother of said children, Mrs. Nellie Black, to have the care and custody of said children in Graham, Young county, Tex., for such period, said order further directing appellant G. W. Black to permit appellee, Mrs. Nellie Black, to have the care and custody of said children for the said two days, on the penalty of being held in contempt of the court should he fail to do so. On the 2d day of January, 1926, appellee, Mrs. Nellie Black, filed in the same court a pleading described by her as "Motion for Contempt and Custody of Children." The substance of this pleading was to advise the court that the sheriff of Young county and the appellants George W. Black and G. W. Black had not obeyed the order of the court above described, and to set out at length facts showing that there had been such a change in facts and conditions since the decree of December 17, 1920, as that the welfare of the children demanded that the custody of all of said children be given to her. The prayer was that the defendants be punished for contempt, and for care and custody of all of the five children of Nellie Black and George W. Black. On January 16, 1926, appellants George W. Black and G. W. Black filed in the trial court their plea of privilege in statutory form to be sued in Young county, Tex. On the same date appellee filed her controverting affidavit, and, notice and time being waived, the issues on the plea of privilege were tried on the same date, resulting in a judgment overruling the plea. From this judgment an appeal has been perfected.

[1, 2] The judgment of December 17, 1920, in which the custody of the children was decreed was a final judgment. Either party thereto had the right at any time after it became final to have the question of the custody of the children reopened and readjudicated, by filing an independent suit alleging a change in facts or conditions arising since the original decree was rendered, under which change of facts or conditions the welfare of the children demanded a modification of the award of their care and custody. Ex parte Garcia (Tex. Civ. App.) 187 S. W. 410; Keith v. Keith (Tex. Civ. App.) 286 S. W. 534.

[3, 4] While the appellee styled her pleading "Motion for Contempt and Custody of the Children," and gave it the same number on the docket as the original cause, it was, nevertheless, an original petition for the care and custody of the children, on account of the changed facts and conditions arising since the rendering of the original judgment. Keith v. Keith, supra. The statutes governing venue generally apply in an action of this character. Keith v. Keith, supra. Nor is the rule altered where, as in this case, the court in its original judgment undertakes by recitals to retain exclusive jurisdiction to award the custody of the children. This is no longer an open question. Ex parte Garcia, supra; Milner v. Gatlin (Tex. Civ. App.) 211 S. W. 617; Foster v. Foster (Tex. Civ. App.) 230 S. W. 1064.

[5, 6] The only ground for retaining venue by the trial court set out in the controverting affidavit was that the court had jurisdiction originally to render the judgment of December 17, 1920, and in said judgment reserved in itself jurisdiction and control over the children in the language of the judgment copied at the beginning of this opinion.

[7] The trial court erroneously overruled the plea of privilege upon this theory; but it is contended in this court that appellants waived their plea of privilege by filing an answer in the trial court seeking affirmative relief in praying for the custody of Betty Black, the child originally awarded to the appellee. The question of whether a defendant waives his plea of privilege to be sued in the county of his residence by seeking affirmative relief in the court in which his plea is filed is not before us for decision. The record affirmatively discloses that the trial court did not pass upon this question of law. It was not raised in the controverting affidavit and no evidence was offered in support of it. As a reviewing court we have not jurisdiction to pass upon questions not presented to the trial court. The appellee is relying on evidence here of a waiver which she did not introduce in the lower court. The acts relied upon by her to constitute a waiver by the appellants of their plea of privilege were the filing by appellants of certain answers to the merits of her petition and praying over against her for the custody of all the children for whose custody she was suing. She did not introduce these pleadings in evidence on the trial of the plea of privilege, but brings them here in a transcript. They have no proper place in the transcript in this cause, and we cannot consider them as evidence of any fact. We do not therefore express any opinion as to whether or not the filing of this answer and the cross-action on the day the plea of privilege was overruled constituted a waiver of the plea of privilege.

As neither the controverting affidavit nor the evidence disclosed any ground for sustaining the action of the trial court in overruling the plea of privilege, the judgment of the trial court will be reversed, and the cause remanded, with instructions that the trial court enter an order transferring the venue of this cause to the district court of Young county.

Reversed and remanded, with instructions.