## SMITH v. GIVENS.

### No. 12338.

Court of Civil Appeals of Texas. Dallas.

Oct. 10, 1936.

Barnie Cantrell, of Dallas, for appellant.

L. P. De Lee and T. H. Marberry, both of Dallas, for appellee.

LOONEY, Justice.

The events leading to the present controversy are these: On May 29, 1934, the court below granted Annie Smith a divorce from Samuel A. Smith. Although other issues were presented by the pleadings, relating to the custody of Sammie Smith, a girl about ten years of age, the child of the parties, and also in regard to the division of community property and support of the minor child, the judgment rendered simply granted the divorce. It appears, however, that the little girl has remained with her mother, and that the parties made an agreement out of court dividing the property. The answer filed by the defendant in the divorce suit contained the following: "Defendant further stipulates and agrees that in event a divorce is granted the plaintiff herein, that plaintiff may be granted the care and custody of their minor child Sammie Smith, now aged eleven years, and defendant further agrees to pay for the support and maintenance of said minor child the sum of Five and no/100 ($5.00) Dollars per week, to be paid into the registry of court, during minority or until her marriage."

As heretofore stated, the court made no order with reference to the stipulation of the defendant to pay into the registry of court the $5 per week for the benefit of the child; however, he complied with the stipulation until his divorced wife married J. R. Givens, on November 6, 1935, but has since refused to make the weekly payments. On May 11, 1936 (nearly two years after the rendition of the divorce decree), Annie Smith Givens, joined pro forma by her husband, filed in the same court, adopting the docket number of the original divorce suit, a petition setting up the precedent facts, alleging that she, the mother, was unable to support, care for, and educate the child Sammie as should be done, but that defendant (the father) was amply able to contribute at least $10 per week for such purpose, and prayed for judgment directing defendant to pay into the registry of court that amount each week.

We think it obvious that plaintiffs' pleading, just mentioned, is based upon the idea that, the divorce decree was not final, but interlocutory, in that all issues presented in the pleadings were not explicitly disposed of, therefore she had the right to invoke the action of the court under article 4639a, Vernon's Ann.Civ.St., Acts of 1935 by the 44th Legislature, chapter 39 (enacted after the divorce decree was entered) to compel defendant to make periodical payments for the benefit of the child, as provided in said act. Defendant answered this petition by exceptions, general and special, and by a general denial, contending that the decree divorcing the parties was a final judgment, and that the statute in question enacted long after the judgment in the divorce suit became final, was not retroactive, hence not applicable, and could not be successfully invoked to sustain the proceedings. All ex-

ceptions were overruled, and on a hearing held May 13, 1936, the trial court judgment directed the defendant "to pay into the registry of this court the sum of Five Dollars per week, for the use and benefit of said minor, the first payment to be made the 30th day of May, 1936, and a similar sum of Five Dollars each Saturday of each week thereafter until said child reaches the age of sixteen years, or until the further orders of this court; and it is further ordered, adjudged and decreed that the clerk of this court shall pay said sum to the plaintiff herein for the use and benefit of said minor, said sums paid by the defendant, and that the plaintiff make monthly reports to this court of the disposition of said funds. Costs of this proceeding are taxed against the defendant."

On June 9, 1936, defendant (appellant herein) instituted the proceedings brought up for review, alleging the invalidity and void nature of the judgment or order, that plaintiff (appellee herein) was threatening to institute contempt proceedings against appellant, because of his failure to comply with the void order, and that she would do so, unless enjoined from enforcing or attempting to enforce said order, and from instituting contempt proceedings against appellant.

The application for injunction was answered by appellees, Annie Smith Givens and her husband, and on hearing June 13, 1936, was denied by the court, from which this appeal was taken. At the hearing, Mrs. Givens testified that she had consulted her lawyer with the view of having contempt proceedings instituted against appellant, to compel the weekly payments ordered by the court, and that she would do so if payments were not made.

██ The announcement of a few settled principles of law will, in our opinion, aid in a ready decision of the case. Our courts generally have held that an injunction affords the appropriate relief from a void judgment. See Glass v. Smith, 66 Tex. 548, 550, 2 S.W. 195 (citing Smith v. Deweese, 41 Tex. 594, 595; Cooke v. Burnham, 32 Tex. 129; Chambers v. Hodges, 23 Tex. 104, 110); also, see Witt v. Kaufman & Kleaver, 25 Tex.Sup. 384 (citing Edrington v. Allsbrooks, 21 Tex. 186; Willis v. Gordon, 22 Tex. 241). The presumption will be indulged that all issues presented by the pleadings in the divorce suit were disposed of by the judgment, nothing to the contrary appearing in the judgment itself. See Swan v. Price (Tex.Civ.App.) 162 S.W. 994; Crain v. National Life Ins. Co., 56 Tex.Civ.App. 406, 120 S.W. 1098, 1099; 25 Tex.Jur. § 7, pages 370-371, and authorities cited.

Thus, we reach the decisive question, that is to say, was the court authorized, in an independent action by the divorced wife on behalf of the minor child Sammie, to compel the defendant to make periodical payments into the registry of court? The question may be further narrowed by stating that, while the moral obligation of the father to care for and support his minor child should, at all times, be sufficient to impel such action on his part, if able to do so, yet we cannot be controlled by that consideration, unless the law, compels the performance of such duty; and although, independently of a divorce action, the father could be held liable in an action of debt for necessaries furnished his minor child, and his property, real and personal, could, in a proper case, be impounded and the rents and revenues therefrom used for the benefit of his minor child, yet we are not permitted to consider such matters, because not here involved.

██ The statute invoked by plaintiffs, and obviously applied by the trial court in entering the judgment compelling defendant to make weekly payments of $5 into the registry of court for the benefit of the child until she reaches the age of sixteen years, was not in existence when Mr. and Mrs. Smith were divorced, being enacted at the Regular Session of the Forty-Fourth Legislature in 1935. By its very terms, it is only applicable as ancillary to a pending divorce action. We think the Legislature could, with great propriety, have extended the provisions of the statute so as to be available in independent actions, as the instant case, but it did not see fit to do so. The case of Cunningham v. Cunningham, by the Supreme Court, 120 Tex. 491, 40 S. W.(2d) 46, 51, 75 A.L.R. 1305, is similar in all material respects to the case under consideration. In that case, the mother instituted an independent proceeding for the benefit of her minor children, to compel their father, her divorced husband, to make monthly payments during the minority of the children, as was attempted in the instant case. After an exhaustive review by Judge Greenwood, of the statutory and case law of the state on the subject, the court denied the relief sought; concluding the discussion, Judge Greenwood said: "While

534

we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing statutes to deny such relief, when not sought in a divorce suit, pending final judgment. Nothing is better settled than that the Legislature must be regarded as intending statutes, when repeatedly re-enacted, as is the case here, to be given that interpretation which has been settled by the courts. Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515, 524 (11) [70 A.L.R. 1484]; Pearson v. West, 97 Tex. [238] 239, 77 S.W. 944." Also see an exhaustive examination of the question by Judge Hodges, formerly a member of the Texarkana Court of Civil Appeals, in Hooten v. Hooten (Tex.Civ. App.) 15 S.W.(2d) 141, 144, affirmed 120 Tex. 538, 40 S.W.(2d) 52.

The doctrine announced in the cases cited is decisive of the present controversy, revealing very clearly that the trial court's order finds no support in law, is void, unenforceable—hence defendant would not be guilty of contempt for refusing to obey same.

■ No more sacred duty rests upon the conscience of man than that of caring for, supporting, and nurturing his minor children, especially during the period of their tender years, and its performance should not be considered irksome but rather a high privilege and pleasure. The Great Creator of the universe devolved this duty primarily upon parents, and it cannot be shirked without inflicting a grievous and irreparable injury to the child and committing a gross crime against society. The lawmakers of our state, recognizing this, enacted article 602 of the Penal Code (amended by Acts 1931, c. 276, § 1 [Vernon's Ann.P.C. art. 602]), which, in the interest of dependent children and society, should be rigorously enforced by the officers charged with that duty.

However, much as we regret the fact, we find the status of the law to be such, as that we are compelled to grant the injunction sought, therefore, the judgment of the court below is reversed and here rendered for appellant, granting the injunction.

Reversed and rendered.