JENNIE V. BOWYER v. COURTNEY B. BOWYER.

No. 6930.   Decided November 3, 1937.
(109 S. W., 2d Series, 741.)

*Smith & Eplen,* of Abilene, for plaintiff in error.

A district court in Texas is authorized at any time subsequent to a divorce decree to make appropriate provision for the sup-

port and maintenance of a minor child of a father during such minority, by appointing a trustee to receive revenue from the father's property in such periodical amounts as the court may deem proper, and the mere fact that the custody and support of such child was not provided for in the divorce proceedings does not foreclose the authority. Hooten v. Hooten, 15 S. W. (2d) 141, Id. 40 S. W. (2d) 52; Reeves v. Reeves, 38 S. W. (2d) 852; 15 Tex. Jur. 688-691.

*Stinson, Hair, Brooks & Duke,* of Abilene, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Jennie V. Bowyer for herself and as next friend of her twelve-year-old daughter sued Courtney Bowyer from whom she was divorced ten years prior to the filing of this suit, the custody of the daughter having been awarded to Mrs. Bowyer in the divorce proceedings. The branch of the suit which was by Mrs. Bowyer individually resulted in recovery by her against Mr. Bowyer for certain expenditures she had made for necessaries for their daughter subsequent to divorcement. No controversy as to the correctness of the judgment awarding such recovery is presented here. The "next friend" branch of the case was an action against Mr. Bowyer to compel him to pay through a trusteeship impounding the revenues of his real estate an allowance for the support of the minor daughter.

Recovery was had in the trial court on the "next friend" branch of the case also, and judgment in rem was awarded decreeing that Esco Walter be appointed as trustee to receive for the minor daughter the sum of $20.00 per month from the revenues that might be derived from three described tracts of land owned by the father. It was decreed also that the *revenues* stand charged with the lien thereby created in favor of the trustee for the minor's use and benefit, to the extent of $20.00 per month, which the court found to be a reasonable amount to be paid monthly for her support and maintenance. The judgment expressly declares it is not to be construed as divesting out of Mr. Bowyer title to any of the property from which the revenues are derived, or as authorizing title to be divested, and provides that the "order shall remain in full force and effect until modified or rescinded by the court, not to exceed the time when said minor shall become twenty-one years of age."

The Court of Civil Appeals affirmed the judgment on that branch of the case in which Mrs. Bowyer sued for herself indi-

vidually, but reversed the judgment awarded on the "next friend" branch and rendered judgment in favor of the father denying recovery for support of the daughter. 80 S. W. (2d) 475.

■ The Court of Civil Appeals predicated its rendition of the judgment in favor of Mr. Bowyer on its interpretation of the opinion of this Court in Cunningham v. Cunningham, 120 Texas 491, 40 S. W. (2d) 46, 75 A. L. R. 1305, to the effect that the action of the trial court in sustaining a demurrer in that case was upheld by this Court on the ground that the suit was *in an independent action filed after the father and mother were divorced.* In other words, it was of opinion that the Cunningham case holds that under the then existing statutes support for minors could be provided in a pending divorce suit only, and that the court was without power to make such provision in an independent action filed subsequent thereto. This is correct with the exception subsequently to be pointed out.

Counsel for Mrs. Bowyer admit that the case is subject to the interpretation placed upon it by the Court of Civil Appeals but contend that the language used in the Cunningham opinion warranting such interpretation was intended to apply to judgments only that award a personal recovery for the minor's support. It is a part of this contention that in the Cunningham case the pleadings of Mrs. Cunningham did not designate the property from which revenues could be impounded; that the property of Mr. Bowyer is sufficiently designated in her pleadings and that the recovery in rem in the trial court should be sustained. The language of the Cunningham opinion referred to reads:

"While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled *under the existing statutes* to deny such relief, *when not sought in a divorce suit, pending final judgment.*" (Italics ours.)

An exhaustive review of the authorities as well as an able analysis of the opinion in the Cunningham case is made by counsel for Mrs. Bowyer in their application for the writ, and especially in their motion for rehearing upon the application upon which the writ was granted. Expressions and holdings are pointed out in the motion from opinions of this Court, and the Courts of Civil Appeals approved by this Court, tending to support their contentions. It was upon the apparently conflicting state of the authorities that the writ was granted. The case most

strongly relied upon as supporting the contention of Mrs. Bowyer is Bemus v. Bemus, 133 S. W. 503, the holding of which was approved by this Court by its refusal of the application for writ of error. Since this case was cited approvingly by Judge GREENWOOD in the Cunningham case, as well as Gulley v. Gulley, 111 Texas 233, 231 S. W. 97, 15 A. L. R. 564, and was not discussed either in the Cunningham case or the opinion of the Court of Civil Appeals in this case the feature of the Bemus case that distinguishes it from both the Cunningham case and this case will later be pointed out.

We are not in accord with the contention of counsel for Mrs. Bowyer that the allegations with respect to Mr. Cunningham's ownership of property was not good as against a general demurrer for failure to designate the property owned by Mr. Bowyer, especially in view of the power of a district court to ascertain the surroundings and circumstances of minors in cases in which the court's jurisdiction has attached. Mrs. Cunningham alleged generally among other things that her husband had both real and personal property with which food, clothing and other commodities necessary to the support of the children could be provided. While in the Cunningham case the allegations concerning property ownership may have been subject to a special exception, this defect, if it existed, was immaterial so far as the question of the courts' jurisdiction or power was concerned. The Cunningham case and the present case are not distinguishable in any material particular so far as that question is concerned. Both are suits between parents filed subsequent to their respectice divorce proceedings in which divorce was granted, and independent of such proceedings, and in neither is the issue between the parents of the custody of the children involved. It is the absence of this issue that materially distinguishes both the Cunningham case and this case from Bemus v. Bemus, supra.

■ While the Bemus case was an independent action filed subsequent to the divorce suit it involved the question raised by the parents of the custody of the children. The case originated as a habeas corpus proceeding by the father against the mother for custody of their children. It was alleged that the father had obtained a divorce from the mother without adjudication having been made in the divorce suit concerning the children or the property, these matters not having been presented by the pleadings. The court says:

"And our opinion is that where neither parent, in the divorce case, presents the matter of the custody and maintenance of the children to the court for its action, such failure is not conclusive of the subject, and the matter may subsequently be in-

voked and adjudicated; and that in a subsequent proceeding *between the parents involving the custody of the children,* before a court having jurisdiction, both subjects of the custody and the maintenance of the children are within its rightful jurisdiction, in like manner and to the same extent as if they had been invoked in the proceedings for divorce. As already stated, the failure of the court to make the adjudication in connection with the divorce does not put an end to either parent's liability in this respect. The statute, by authorizing such adjudication in a divorce proceeding, does not restrict the judicial power of the courts in respect thereto and make the matter cognizable only in such proceeding." (Italics ours.)

The mother answered in the habeas corpus suit joining issue as to the custody of the children and in addition alleged that a sufficient amount of property in the father's possession should be placed in the hands of a trustee for the benefit of the children to provide for their proper rearing and education. The court having had its jurisdiction invoked upon the issue of custody, correctly acted upon the matter of support and maintenance as incidental to that issue.

No issue of custody was involved in the Cunningham case and is not involved in the present case, having been theretofore adjudicated in the respective divorce proceedings; and while the language of the Cunningham case that the Court "under existing statutes" is compelled "to deny such relief when not sought in a divorce suit pending final judgment," is broad enough to exclude an exception to the rule thus stated, it is evident from the fact that the Bemus case is approvingly cited in the opinion that the Court did not intend to be understood as overruling it. In that case the court's jurisdiction became active when the issue of custody, which had not theretofore been adjudicated, was properly raised. We still recognize this exception to the rule as stated, but the present case is not within the exception.

■ It is pointed out in this connection that the Legislature at its regular session in 1935, in order to bring about among other things an adjudication of the issue of the custody of minors in all divorce actions thereafter to be filed, enacted a statute which reads in part:

"Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suits for divorce shall hear and determine any such suit for

divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; * * *." Art. 4639a, Vernon's Texas Statutes, 1936.

See also Ex parte Birkhead, 127 Texas 556, 97 S. W. (2d) 953, in which Judge CRITZ discusses the foregoing article.

The limitation upon the power of the court to grant relief such as is sought in the present case is recognized in the recent case of Smith v. Givens, 97 S. W. (2d) 532. The case was an independent suit between the parents filed subsequent to the divorce proceedings and did not involve the issue of custody. It is referred to in the opinion as similar in all material respects to the Cunningham case, which was held to be controlling. The statute quoted above was invoked by the mother on behalf of the minor child. Judge LOONEY, speaking for the Court, while deploring the fact that the status of the law was such that support for the child could not be provided for in that action, says:

"By its very terms, it (the statute) is only applicable as ancillary to a pending divorce action. We think the Legislature could, with great propriety, have extended the provisions of the statute so as to be available in independent actions, as the instant case, but it did not see fit to do so."

We are of opinion that regardless of the apparently conflicting state of the authorities prior to the Cunningham case upon the question discussed it was settled in that case adversely to the contention of Mrs. Bowyer.

Since the suit was filed subsequent to the divorce proceedings and is independent of such proceeding, and in no wise involves an issue between the parents as to the custody of their daughter, the trial court was without power under the then existing statutes to grant the relief sought, and the Court of Civil Appeals did not err in so holding.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 3, 1937.