### LAKEY v. McCARROLL.[1]

### No. 1891.

Court of Civil Appeals of Texas. Eastland.

April 14, 1939.

[1] Motion for rehearing pending awaiting answer to certified questions.

182

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Smith & Smith, of Anson, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order of the trial court sustaining a plea of privilege by R. O. McCarroll to be sued in Dawson County, Texas. The litigation grows out of the following facts:

On March 9, 1937, in cause No. 6356, Velma Lakey sued her husband, P. B. Lakey, for divorce and custody of two minor children. One was then about ten months of age and the other 2½ years of age. May 7, 1937, a decree of divorce was granted and the custody of the two minor children was awarded to said R. O. McCarroll, the father of Velma Lakey. Thereafter, the grandparents, with the minors and their mother, moved to Dawson County, where the grandparents still reside. The court's decree in said cause is in part as follows: "The court further finds that it would be to the best interest of the two minor children of plaintiff and defendant that the care and custody be awarded to R. O. McCarroll, the father of the plaintiff, until the further orders of· this court, but that the defendant be permitted at all reasonable times to visit and see said children * *."

The instant suit (6479) was filed in same court October 25, 1937. It involves the issue of custody of said children under alleged conditions differing from those prevailing at the date (May 7, 1937) the custody of the children was awarded to said R. O. McCarroll, and seeks to have the court alter and change its original decree

awarding the care and custody of the children to McCarroll.

In response to defendant's plea of privilege the plaintiff by his controverting plea presents the contention that the trial court had jurisdiction to hear and determine the cause under Art. 4639a, R.S.1925, as added by Acts 1935, c. 39, Vernon's Ann.Civ.St. art. 4639a, and alleges the facts generally which he contends invokes the application of said statute, praying that the plea of privilege be overruled, etc.

Since the plea of privilege was granted, the merits of the case on the facts were not reached, but said ruling of the trial court is challenged by several assignments of error. Article 4639a, sought to be invoked, became effective March 19, 1935, prior to the institution of the original divorce suit (March 9, 1937) or the decree therein (May 7, 1937).

If said article of the statute has no application to the facts of this case and the rights of the parties are to be adjudicated, under Art. 4639 only, and decisions construing the same, the judgment of the trial court should be sustained. Such conclusion would be clearly supported by such authorities as Keith v. Keith, Tex.Civ.App., 286 S.W. 534; O'Quinn v. O'Quinn, Tex. Civ.App., 57 S.W.2d 397; Black v. Black, Tex.Civ.App., 2 S.W.2d 331, (by this court), and the numerous authorities cited in these opinions.

By such authorities we would say the law was then well established that either party to a divorce action might at any time after judgment awarding custody of the children became final, have the question of such custody reopened and readjudicated by filing an independent suit alleging a change in conditions demanding a modification or change of such award. It was equally well established that venue of such a suit would ordinarily be in the county of the residence of the defendant. In the Black case, supra, it was held by this court that statutes governing venue generally apply in an action for readjudication of the custody of children because of changed conditions arising since the original judgment awarding such custody in divorce action, notwithstanding the court in the original judgment undertook to retain exclusive jurisdiction to award the custody of the children. Other authorities to the same effect: Gazell v. Garcia, Tex.Civ.App., 187 S.W. 410; Finney v. Walker, Tex. Civ.App., 144 S.W. 679; Foster v. Foster, Tex.Civ.App., 230 S.W. 1064; Pittman v. Byars, 51 Tex.Civ.App. 83, 112 S.W. 102.

This brings us to a consideration of the application of the provisions of Art. 4639a, supra, to the facts of this case. It reads as follows:

"Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, *and such Court shall make such orders regarding the custody and support* of each such child or children, as is for the best interest of same; and *said Court* may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, *said Court* may enter a judgment in a fixed amount for support of such child or children, and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. *Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent.*

"Sec. 1a. The person or persons to whom the payments above provided for are made under the judgment of the Court

shall file sworn monthly reports with the Clerk of the Court before which the cause is pending setting out an itemized statement of the expenditure of such sum or sums of money as may have been received showing in detail the manner in which such money has been spent. The report so filed shall be examined and approved or disapproved by the *Judge before which said cause is pending."* (Italics ours).

The enacting clause of the above statute is very full and specific and so far as we can determine reflects clearly the subject matter embraced in the legislative act. This act is adequate and complete for the purposes intended and is available on short notice in the court familiar with the litigation when the welfare of the minor may need to be reconsidered under new and changed conditions.

The statute has been declared free from certain attacks on constitutional grounds. Ex parte Birkhead, 127 Tex. 556, 95 S.W. 2d 953, 954. In that case, our Supreme Court, in an opinion by Judge Critz, held that the statute did not, in effect, create a "debt" within the meaning of the constitutional inhibition against imprisonment for debt, and in the general discussion of the statute the opinion used this language: "Since the statute does not create nor authorize the creation of a debt, it cannot be said to authorize imprisonment for debt. *When we carefully examine this act, we find that the part thereof which authorizes the district court to compel the spouses to contribute to the support of their children until such children reach the age of sixteen years does not even contemplate a final judgment. To the contrary, the statute expressly confers upon the district court the right to retain jurisdiction of such matter until the children reach the above-mentioned age. In this regard, the court is given the power and authority to alter, change, and suspend such orders as the facts and circumstances and justice may require."* (Italics ours)

We believe this interpretation of the statute material in the disposition of this case and that the statute is responsive to such authorities as Gazell v. Garcia, supra. It was contended in that case that the court which awarded the custody of a minor child in a divorce suit had a continuing jurisdiction of such minors as the wards of such court. In discussing that contention in light of the then existing statute, and the authorities, the court said [187 S.W. 412]:

"We can appreciate the force of the contention that, when the power is expressly vested in a court to change its decree from time to time, the necessary implication is that such decree shall be conclusive until changed in the tribunal which is given the power to change it. But we find no provision in our statute [which, of course, did not contain 4639a] authorizing the court to provide for the support of the children in the divorce decree, and no provision authorizing the court to modify or change its decree from time to time. Our Legislature did not see fit to give the district court such power, and the statute contemplates a judgment in the case which finally disposes of the custody of the children upon the facts before the court—a decree which is conclusive in that court or any other court with regard to the custody as long as the conditions remain unchanged. * * * The custody is conclusively adjudicated upon the facts then existing, and a new suit must be brought in that court or some other court of competent jurisdiction in order to change such custody. If it could be held that the court had a continuing jurisdiction, it seems to us it would necessarily follow that such court at a subsequent term could, without the conditions having changed, arbitrarily set aside its judgment and change the provision with respect to the custody of the children. * *

*"We think, however, that if it can be deduced that the jurisdiction is a continuing one it might as well be admitted that it is exclusive, for such deduction would necessarily be based on the theory that the child became the ward of that court, and no other court should take away or destroy such wardship.* It has been stated by our courts that minors interested in a suit are the wards of the court, and undoubtedly they are to the extent that it becomes the duty of the court to protect and care for their interests in such suit, but not to the extent that a wardship over the persons of the minors continuous in its nature is created, even in a case involving the custody of the minors.

"The question in this case is one of great importance, and *it would, perhaps, be better to vest the exclusive jurisdiction, with respect to custody of minors, in the court which decrees the divorce;* but we

believe that the Legislature has not so decreed, and we therefore hold that the trial court had jurisdiction to enter the judgment appealed from." (Italics ours.)

This language would seem to suggest the action taken by the Legislature in enacting Art. 4639a, supra, and to anticipate the construction given it by the Supreme Court in the Birkhead case. The opinion in the Birkhead case has this further significant language: "The statute here under consideration expressly only limits the jurisdiction of the court to the time when the children reach the age of sixteen years."

■ From what has been said and in view of the statute and the opinions construing the same, we conclude that in the matter of the custody of the children, once adjudicated in said district court, there was a *continuing jurisdiction* therein to readjudicate under proper circumstances and in a proper proceeding the issues thus once determined upon a different state of facts. Such judicial act would be in direct response to the statute which says: "Such court shall make such orders regarding the custody * * as is for the best interest" of the child or children. The function of the statute and the power of the particular court granting the divorce and decreeing the custody seem to be emphasized in the language of the statute, particularly the last sentence of section 1, viz., "Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."

Other authorities supporting in some measure the above conclusions are Smith v. Givens, Tex.Civ.App., 97 S.W.2d 532; Bowyer v. Bowyer, Tex.Civ.App., 80 S.W.2d 475, Id., 130 Tex. 257, 109 S.W.2d 741; Townsend v. Townsend, Tex.Civ. App., 115 S.W.2d 769.

The reasons employed by this court in Fielder v. Parker, Tex.Civ.App., 119 S.W. 2d 1089, in reaching its final conclusions on the venue question in a suit to enjoin sale of land involved in receivership suit in a different county, supports our opinion herein. It was there held that a court charged with judicial knowledge of the fact that it had exclusive jurisdiction of a case can never be under a duty of transferring it to a court of another county which has no jurisdiction, and in such a case the court, of its own motion, should dismiss the plea of privilege and proceed as though it had never been filed. In effect, the same principles are employed by our Supreme Court in the disposition of Bachus v. Foster, Tex.Com.App., 122 S. W.2d 1058, the construction of a venue statute being there considered.

■ Upon the above reasons and authorities we believe the trial court erred in ordering the change of venue in the instant case. No venue question was involved. The trial court by virtue of Art. 4639a had exclusive jurisdiction to readjudicate under proper pleadings and evidence the issue of the custody of the minors.

■ The first pleading (called Plaintiff's Petition) filed in the instant case was given a distinct number and apparently treated as an independent suit. Regardless of that, it was sufficient and comprehensive in fact allegations to raise again the issue of proper custody of the minors in the cause or proceeding already pending in the trial court, and of which it was properly a part. Black v. Black, supra; Keith v. Keith, supra. In the Black case it was held [2 S.W.2d 332]: "While the appellee styled her pleading 'Motion for Contempt and Custody of the Children,' and gave it the same number on the docket as the original cause, it was, nevertheless, an original petition for the care and custody of the children, on account of the changed facts and conditions arising since the rendering of the original judgment."

The Keith case likewise gives controlling effect to the fact allegations of the pleading as contradistinguished from its name.

For the reasons assigned the judgment of the trial court is reversed and the cause is remanded with direction to the trial court to dismiss the said plea of privilege. It is so ordered.

FUNDERBURK, J., dissents.

FUNDERBURK, Justice (dissenting).

If the validity of R.S. Art. 4639a (enacted in 1935, Vernon's Ann.Civ.St. art. 4639a) in respect to its constitutionality be assumed, and it be construed as effective to repeal all prior laws in conflict therewith, then the writer agrees with the other members of the court that the effect of said statute is properly to be construed as fixing exclusive jurisdiction of the present action in the district court of Jones County, same being the court that

acquired, and retained, jurisdiction of the divorce suit.

The following discussion is based upon the assumption (most reluctantly indulged, however) that the Legislature had the power to enact all provisions of said Art. 4639a. The question is whether or not the Legislature intended to exclude the jurisdiction of all other courts, by the provision of said Art. 4639a, in connection with all the others, that "Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent." The law prior to this enactment was that a judgment awarding the custody of children and/or making provision for their support, became final and binding as other judgments, with one apparent, but not real, exception. It is true that subsequent adjudications were authorized which would have the effect to alter, change or suspend the operation of the prior judgment; but only as the result of a subsequently arising, and therefore, subsequently existing, independent cause of action. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293, Id. Tex.Civ.App., 115 S. W.2d 778; Greenlaw v. Dilworth, Tex. Com.App., 299 S.W. 875; Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769; Smith v. Givens, Tex.Civ.App., 97 S.W.2d. 532; Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988. Such subsequently arising causes of action, being independent of the original cause of action, necessarily required the holding that the court having jurisdiction of the original cause of action retained no exclusive jurisdiction of subsequently and existing independent cause of action. The law as thus stated was established by the settled construction by the courts of R.S.1925, Art. 4639, at the time of the passage of Art. 4639a. Under the law, as it thus existed prior to the enactment of 4639a, no court after a judgment awarding the custody or making provision for the support of, the children in an action for divorce was authorized to alter, change or suspend same, unless there was a change from the conditions existing at the time of the original judgment. The existence of such changed condition was a limitation upon the power of the court, since it constituted the very essence of any cause of action, which the court had jurisdiction to hear.

The power purported to be granted by the new statute, according to its terms, is not so restricted. The grant of power "to alter or change such judgments or suspend the same" is not, according to the reasonable purport of the language, conditioned upon the existence of facts, circumstances and requirements of justice, but rather the grant of power is absolute and the manner of its exercise is conditioned as the "facts and circumstances and justice may require." The purported grant of power is sufficiently broad to authorize the court to "alter or change such judgments or suspend the same", even when there has been no change in the conditions which existed at the time of the former judgments; but the court would have such power when it merely recognized that some error or inequity existed in the former judgment by reason of facts or circumstances then existing. It appears to be true, as said in Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 954, that the part of the statute "which authorizes the district court to compel the spouses to contribute to the support of their children until such children reach the age of sixteen years *does not even contemplate a final judgment.* To the contrary, the statute expressly confers upon the district court the right *to retain jurisdiction* of such matter *until the children reach the above-mentioned age.*" (Italics ours) It is true the court in so saying was passing upon the question of whether the statute was unconstitutional as against an attack that it permitted imprisonment for debt, and the above was rather in the nature of dicta as respects the question which the court had for decision. But the evident legislative intent, if to be determined alone from those provisions which make the change in the former laws, would certainly be such as to require that interpretation.

We are not presently concerned with the fact (the constitutionality of the statute being assumed, as aforesaid) that if Art. 4639a grants such power, with the effect stated, the statute now grants the power to a judge of a court to order the imprisonment of one for contempt, consisting alone in his failure to pay money ordered by a judgment from which, because of its lack of finality, there exists no logical right of appeal, regardless of errors therein, or injustice to the citizen. This is said merely by way of emphasis to indicate the very radical change which the statute, by some

of its terms, if valid, appears to have wrought in the law as it existed before.

The Legislature, by providing that the statute in question should be known as Art. 4639a, thereby implied the intention to leave Art. 4639 (and, of course, its effect as established by authoritative decisions) in full force. If the two provisions are in conflict, it may be that such construction by the Legislature solely so indicated would not be conclusive, but the courts would be under the duty of giving effect to the subsequent statute, even to the nullification of another statute which the Legislature impliedly intended should remain unaffected. However, that may be, it is certainly a most elemental principle of statutory construction that the intention of the Legislature when ascertainable shall always be given effect by the courts. To do so, the court sometimes by judicial construction gives to the language of a legislative act a directly contrary meaning to its natural import, but this, it must be remembered, is upon the theory that the ascertainment of the legislative intention so requires. When the legislative intention is placed beyond doubt, the inquiry is at an end, and no court is justified in recognizing as effective any legislative language contrary to the certain legislative intention. Now in the present act the Legislature expressly declared: "This act shall be cumulative of all other laws upon the same subject and is not intended to repeal any other law upon the subject of the care or support of such minors." The word "cumulative" means "that which augments by addition; that which is added to something; additional; that which is superadded to another thing of the same character *and not substituted for it.* The term signifies that two things are to be added together or taken one after another, instead of one being a repetition *or in substitution* of the other; a harmonious coexistence and cooperation, rather than a consolidation of two things into one." 17 C.J. 401, sec. 61. (Italics ours) Under the definition of the word "cumulative" there can be no such thing as a conflict between cumulative statutes or laws. The only effect, therefore, of a legislative declaration that a statute is cumulative of other laws is to make certain the intention not to repeal the existing law.

Generally, the legislative intent must be determined from the provisions of the new law without any direct statement of the intention; but here the Legislature has in necessary effect, in express words, declared that it was not its intention to affect or repeal the existing laws, such as Arts. 4638 and 4639. With all question thus obviated as to the intention of the Legislature not to make a change which would deny all the district courts in Texas, except one, jurisdiction of an action like that here considered, in my opinion, regardless of the effect upon the new statute, even to the extent of destroying it, all rights existing under the former laws should be recognized and enforced. It may be that some effect can be given to Art. 4639a, but that is a consideration immaterial to the question here involved. In my opinion, even if such result is to declare the later act without effect, that should be done rather than override the expressed intention of the Legislature not to repeal the pre-existing laws. As to the case before the court, the effect of the Legislature's plainly expressed intention is to render invalid or ineffective the provision of Art. 4639a for retaining jurisdiction by a court of a divorce suit as respects award of the custody, control or provision for support of children, beyond the finality of such judgments, under the pre-existing laws or rendering any part of such a judgment not final until the children have reached the age of 16 years.

This view, of course, would call for a judgment by this court, affirming the judgment of the court below sustaining the plea of privilege.