### ECHOLS v. ECHOLS.
### No. 11468.

Court of Civil Appeals of Texas. Galveston.

Jan. 7, 1943.

Rehearing Denied Jan. 28, 1943.

Gail Whitcomb and Chester H. Johnson, both of Houston (A. D. Dyess, of Houston, of counsel), for appellant.

Fulbright, Crooker, Freeman & Bates, James C. Boone, Chas. W. Bell, and Thomas Watkins, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Juanita Echols, as guardian of the person and estate of Marjorie Patricia Echols, a minor, to recover from appellant, George H. Echols, the father of Marjorie Patricia Echols, sums of money alleged to be due the minor under the terms of a judgment in cause No. 258,694, in the district court of Harris County, Texas.

Appellant answered by pleas to the jurisdiction of the court, exceptions, general and special denials, a plea of limited liability, a plea of non est factum, and a plea of no consideration.

At the conclusion of the evidence by all parties, the court withdrew the case from the jury and rendered judgment in favor of appellee and against appellant in the sum of $3,708.

Louise Echols, the first wife of George H. Echols and the mother of Marjorie Patricia Echols, died in 1931, leaving three children by this marriage, including Mar-

jorie Patricia Echols. Appellant was married to Jaunita Echols in 1932 and lived with her as his wife until June, 1939, when she filed suit against him for divorce, for the custody of their two children, and an order compelling appellant to contribute to the support of the children. This suit, No. 258,694, was filed in the 113th District Court of Harris County and was styled Juanita Echols v. George H. Echols.

George H. Echols and his first wife, Louise Echols, accumulated a considerable community estate and upon the death of Louise Echols, Marjorie Patricia Echols and her brother and a sister each inherited a ⅙ undivided interest therein. No partition or other division had been made of said community estate at the time Juanita Echols sued appellant for divorce.

After the institution of said divorce action by Juanita Echols, Marjorie Patricia Echols, acting through next friend, filed a petition in intervention therein, wherein she sought the recovery of her ⅙ interest in the community estate of George H. Echols and Louise Echols and the recovery from appellant of the sum of $150 per month for her separate support and maintenance upon an alleged oral contract with her father to pay her the sum of $150 per month until she became 21 years of age or was married. By amended pleading she sought judgment for the sum of $4,450, the amount alleged to be due her under said contract, and for the further sum of $4,000, alleged to be the amount to become due in future under the provisions of said parol contract. Judgment was entered in said divorce suit on November 10, 1939, awarding Juanita Echols a divorce, a partition of community property, and the custody of their two minor children with provision for their support and maintenance. Judgment was rendered therein against appellant and in favor of Marjorie Patricia Echols for the sum of $25,000 in full settlement of her inherited interest from her deceased mother. The judgment also contained the following provision: "It further appearing to the court that the minor intervenor, Marjorie Patricia Echols, is not now residing with the defendant, and that provision may properly be made herein for her support and maintenance, it is further ordered, adjudged and decreed by the court that the defendant do deposit to the credit of said intervenor, Marjorie Patricia Echols, in the First National Bank of Houston, the sum of $150.00 per month, such sum to be deposited on or before the 20th day of each calendar month until she becomes twenty-one years of age or marries; subject, however, to revision as to amount on or about September 1, 1940."

This judgment was signed by the trial judge and by the attorneys representing all parties to the suit.

Appellant paid to Marjorie Patricia Echols the sum of $150 per month for a period of six months commencing on November 20, 1939, and ending with a payment made on May 20, 1940. He made no payments after that date. He contends that in no event can he be held liable for payments alleged to be due under the provisions of said judgment beyond September 1, 1940, since the judgment expressly provides that the amount of said payment was subject to "revision as to amount on or about September 1, 1940", and that the amount due on that date, according to appellant's contentions, $450, was below the jurisdiction of the district Court.

Upon appellant's failure to make additional monthly payments for the benefit of Marjorie Patricia Echols, Juanita Echols, who had been appointed guardian of the person and estate of said minor, filed this suit as such guardian, for the recovery of sums alleged to be due and to become due under the provisions of said judgment.

Appellant answered appellee's amended petition herein by pleas both to the jurisdiction of the district court of Harris County in said divorce suit No. 258,694, and in this suit. He alleged that in neither of said suits was the issue of the custody of Marjorie Patricia Echols involved, and that therefore the above-quoted paragraph and provision of the judgment in said cause No. 258,694 was utterly void, and that any judgment that might be rendered in this cause predicated upon said judgment would likewise be void.

By his plea of no consideration, appellant set up the fact that any promise he may have made to Marjorie Patricia Echols to contribute $150 per month to her support until she became 21 years of age or married was gratuitously made, that no consideration therefor was paid, and no promise was given to him for such alleged agreement, and that in any event his obligation to make such payments terminated on September 1, 1940, under the express terms of said judgment.

Appellant contends that the trial court herein did not have jurisdiction of appellee's cause, since her pleadings show that her action was grounded upon part of a judgment in another case, which he contends was absolutely void for lack of power on the part of the court to render that portion of said judgment and that the trial court's jurisdiction in this case was never perfected by reason of the fact that appellee did not allege sufficient facts, if proved, to constitute an enforceable agreement for judgment.

In her plea in intervention in said cause No. 258,694 appellee Marjorie Patricia Echols alleged that she was seventeen years of age; that she had an interest in the matter in controversy in said cause as herein above set forth, setting up the approximate value of the community estate of her father and mother. She then set up a separate claim against her father for maintenance and support, alleging that it was necessary for him to pay the sum of $150 per month for her maintenance and education until she attained her majority. She alleged that she had been forced to employ an attorney, and sought a reasonable attorney's fee for his services in that suit. She alleged that appellant had ratified and confirmed the agreement contained in said judgment by approval of the judgment by and through a duly authorized agent and attorney, and by the payment of the sum of $150 per month, commencing November 20, 1939, and ending with the payment made on May 20, 1940.

A transcript of the evidence taken in said cause No. 258,694 was introduced in evidence on the trial of this cause. It was shown by such transcript that appellant gave the following testimony in response to questions propounded to him by counsel:

"Q. In addition to the matters which we have discussed here, you did know, did you not, that you were binding and obligating yourself to pay an allowance of $150.00 per month toward Miss Patricia's support and maintenance? A. For what years?

"Q. Up to September 1, 1940. A. I do."

Appellant further testified in said cause that he was obligated to pay $150 per month regardless of where Patricia wanted to stay.

■ The case of Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 51,

75 A.L.R. 1305, involved a suit by a divorced mother on behalf of her three minor children, all under the age of sixteen years, against their father for a money judgment for their maintenance and support independent of a pending divorce action in which their custody was at issue. The Supreme Court in its opinion therein said: "While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing statutes to deny such relief, when not sought in a divorce suit, pending final judgment. * * * Since the petition in this case contained no allegations sufficient to sustain any judgment for defendants in error, there was no error in the judgment of the district court."

By its holding in that case, the Supreme Court established the law to be that, a minor child cannot sue his parent for maintenance and support unless the issue of its custody is before the court in a pending divorce suit and that in order to sustain an action of this kind, it must be brought for debt by some other person, who has furnished the child with the necessities of life, which the father has failed to do.

In the case of Bowyer v. Bowyer, 130 Tex. 257, 109 S.W.2d 741, 744, a divorced wife for herself and as next friend of her twelve year old daughter, sued her husband for necessaries furnished the child and for its future maintenance and support. The parties had been divorced prior to the filing of said suit and she had been awarded custody of the child, with apparently no provision made for its support. On appeal to the Court of Civil Appeals the recovery in favor of Mrs. Bower for expenditures made for the child's maintenance and support was affirmed, but it was reversed and rendered as to that portion of the judgment allowing a recovery against Mr. Bower for maintenance and support in the future.

In affirming the judgment of the Court of Civil Appeals the Commission of Appeals said: "Since the suit was filed subsequent to the divorce proceedings and is independent of such proceeding, and in no wise involves an issue between the parents as to the custody of their daughter, the trial court was without power under the

then existing statutes to grant the relief sought, and the Court of Civil Appeals did not err in so holding."

The above rule has been followed in the cases of Smith v. Givens, Tex.Civ.App., 97 S.W.2d 532; Williams v. Guynes et al., Tex.Civ.App., 97 S.W.2d 988, 991.

In the case of Williams v. Guynes et al., last above referred to, the court in discussing the liability of a father for allowances for the future support of minor children which the court may make in suits of this character, said: "If the father of dependent children has no property, no suit can be maintained to require him to support them. His personal liability is limited to the value of necessaries which others may have previously furnished because of his failure to make proper provision for the children. His duty to make provision for the future needs of his children is a moral obligation; his legal liability for a debt does not arise until the debt has been created by the act of some third person doing for his children what the father should have done but has failed to do."

In the recent case of Ex Parte Taylor, 137 Tex. 505, 155 S.W.2d 358, the Supreme Court passed on a case under a state of facts similar in all material respects to those in the instant case, both in that the action did not involve divorce or the custody of a minor, and in that an agreed judgment had been entered under which the relator was required to contribute the sum of $6 and later $9 per week to the support of his minor child. On the failure of relator to meet these payments he was adjudged to be in contempt of court and sentenced to jail. The Supreme Court granted a writ of habeas corpus and in its opinion said:

"It was well settled by the decisions of this State, prior to the enactment of Article 4639a, Acts 1935, 44th Leg., p. 111, Ch. 39, Vernon's Annotated Texas Statutes, that the courts of this State, in an independent suit not involving a divorce or the custody of a minor child, were without authority to compel the payment of allowances by a parent for the support of his minor child. Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Bowyer v. Bowyer, 130 Tex. 257, 109 S.W.2d 741. * * *

"Unless the power of the courts in this respect was enlarged by the enactment of the statute above referred to, no such rights exist at this time. * * *

"It is very clear from a reading of the above Act that it does not attempt to enlarge the power of the court so as to authorize the compelling of such payments in suits not involving a suit for divorce or the custody of a minor child. Smith v. Givens, Tex.Civ.App., 97 S.W.2d 532. The action by the child for contribution did not attempt to reopen the divorce suit, nor did it in anywise involve the custody of the minor. It is apparent, therefore, that the court in this instance was without authority to adjudge the relator to be in contempt of court for his failure to make the payments in accordance with the decree entered therein. Consequently, the relator is ordered discharged."

The latest expressions by the Supreme Court of this state on the questions involved herein is the case of Ex Parte Roberts, 165 S.W.2d 83, 85. In that case the relator sought relief by habeas corpus proceedings from an order of the district court of Gregg County wherein he was adjudged to be in contempt of the trial court for failure to comply with the judgment of such court requiring him to pay into the registry of the court the sum of $25 per month for the support and maintenance of his minor children. In a divorce suit between Roberts and his wife no mention was made of any child or children. His wife had alleged in her cross-action that she was expecting a child by such marriage in February, 1941. Divorce was awarded her upon her cross-action, but no provision was made in the judgment for the support or maintenance of the expected child. On March 16, 1942, she filed a motion to amend the judgment in the divorce action, alleging the birth of said child and seeking judgment requiring the payment of the sum of $30 a month for its support and maintenance. Later she instituted a new and independent suit praying for judgment compelling her former husband to contribute to the support and maintenance of the child. The question of the custody of the child was not presented in that suit. Judgment was rendered requiring J. P. Roberts to pay the sum of $25 in the registry of the court for the support and maintenance of such child. On his failure to do so he was found guilty of contempt of court. The Supreme Court sustained his contention that he was not guilty of contempt, for the reason that the judgment of August 13, 1941, was null and void for the reason that the trial court

was without jurisdiction in an independent suit not involving a divorce or custody of a child to compel him to contribute to the support of the child. The court in construing Article 4639a, Vernon's Annotated Civil Statutes, held that the provision therein which provides that the "Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require" upon notice and hearing, relates to that part of the divorce judgment dealing with orders requiring either parent or both of them to make contribution for the support of their child or children until sixteen years of age, and that it does not relate to that part of the judgment granting custody of the child or children. The court further held that "the district court is without authority to compel the payment of allowances for the support and maintenance of the child or children of divorced parents in a new and independent suit not involving the custody of the child or children. Ex Parte Taylor, 137 Tex. 505, 155 S.W.2d 358, and authorities there cited. * * * The trial court was without jurisdiction to hear and determine [in] a new and different suit, brought to amend or alter the judgment of divorce, in so far as it relates to the support and maintenance of the child, as was undertaken in Cause No. 15149-B. * * *"

It follows that, since said cause No. 258,694 did not involve a divorce between the parents of Marjorie Patricia Echols or her custody, the trial court was without authority in said cause to compel the payment of this allowance by appellant for her support and maintenance, particularly since she was over the age of sixteen years, and that the only judgment for such an allowance that could have been properly entered in that suit was a judgment based upon an enforceable agreement between the parties.

In view of the undisputed fact that appellant testified in cause No. 258,694 that it was his understanding that he was binding and obligating himself to pay to appellee the sum of $150 per month only up to September 1, 1940, after which time the amount of said payment was subject to revision, the provision in said judgment in reference to said payment of $150 was final and enforceable only as to the amount that was due and payable on that date, since a judgment that is to become effective only upon the happening of a future event or contingency is not a final judgment. Dodd v. Daniel, Tex.Civ.App., 89 S.W.2d 494. By the same course of reasoning a judgment that is made subject to revision at a certain date is not a final judgment as to any sums which may become due subsequent to that time. In any event, if said provision in said judgment be given effect it goes no further than to definitely provide for payments in the amount of $150 per month from November 20, 1939, to September 1, 1940, and the only ascertainable amount due under the terms of said judgment at that time was the sum of $450, an amount which is below the jurisdiction of the district court.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by her suit.

Reversed and rendered.