# Ex Parte W. M. Taylor.

No. 7889. Decided October 15, 1941.
(155 S. W., 2d Series, 358.)

*R. H. Scott,* of Dallas, for relator.

The court should not have found relator guilty of contempt of court for the reason that the original judgment entered in August 16, 1928—the agreed judgment to pay six dollars per week—was and is, if anything, a judgment in personam only, and not enforceable by contempt proceedings, because the original judgment was entered prior to the enactment of Article

4639a, R. C. S., which was the first law in effect in this State authorizing such remedy. Ex parte Gerrish 57 S. W. 1123; Hooten v. Hooten, 40 S. W. (2d) 52; Williams v. Guynes, 97 S. W. (2d) 988; Ex parte Sturrock, 80 Texas Crim. Rep., 307, 189 S. W. 487.

*White & Yarbrough,* of Dallas, for respondent, Mary Elizabeth Taylor.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a habeas corpus proceeding. Relator was adjudged to be in contempt of court for failure to make stipulated contributions for the support of his minor child.

The material facts are these: In 1928 the relator and his former wife, parents of the child, were divorced, the custody of the child being awarded to the mother. No adjudication appears to have been made in that case requiring the husband to support the child. In the same year, subsequent to the divorce proceedings, and in an entirely independent and different cause, the minor child, through her mother as next friend, instituted suit against the relator to require him to contribute to her support. This action did not involve the divorce nor the custody of the minor. An agreed judgment was entered in that suit by which the relator was required to contribute to the support of the child at the rate of $6.00 per week. In June, 1937, upon motion in the same cause, the amount of the contribution was increased to $9.00 per week. The relator failed to meet all of these payments, and, as a result, in September, 1941, he was adjudged to be in contempt of court, and sentenced to jail. This Court granted a writ of habeas corpus.

1 It was well settled by the decisions of this State, prior to the enactment of Article 4639a (Acts 1935, 44th Leg., p. 111, ch. 39), Vernon's Annotated Texas Statutes, that the courts of this State, in an independent suit not involving a divorce or the custody of a minor child, were without authority to compel the payment of allowances by a parent for the support of his minor child. Cunningham v. Cunningham, 120 Texas 491, 40 S. W. (2d) 46; Bowyer v. Bowyer, 130 Texas 257, 109 S. W. (2d) 741. In the above statement we have no reference

to a criminal action such as is provided for in the Penal Code, Article 604, which is not here involved.

Unless the power of the courts in this respect was enlarged by the enactment of the statute above referred to, no such rights exist at this time. Said Act, Article 4639a, is in part in the following language:

"Art. 4639a. Sec. 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said Court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, said Court may enter a judgment in a fixed amount for the support of such child or children, and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent.

\*　\*　\*　\*　\*　\*

"Sec. 2. This Act shall be cumulative of all other laws upon

the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors."

2   It is very clear from a reading of the above Act that it does not attempt to enlarge the power of the court so as to authorize the compelling of such payments in suits not involving a suit for divorce or the custody of a minor child. Smith v. Givens, 97 S. W. (2d) 532. The action by the child for contribution did not attempt to reopen the divorce suit, nor did it in anywise involve the custody of the minor. It is apparent, therefore, that the court in this instance was without authority to adjudge the relator to be in contempt of court for his failure to make the payments in accordance with the decree entered therein. Consequently, the relator is ordered discharged.

Opinion delivered October 15, 1941.