THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS
PRICE DANIEL SHEPPERD



February 20, 1952

Hon. Austin F. Anderson
Criminal District Attorney
San Antonio 5, Texas          Opinion No. V-1409

                              Re:  Responsibility of the
                                   Criminal District At-
                                   torney to represent the
                                   plaintiff in a child
                                   support proceeding un-
                                   der House Bill 192, Acts
                                   52nd Leg., R.S. 1951.
                                   (Articles 2328b-1 to
Dear Mr. Anderson:                 2328b-3, V.C.S.)

          Your request for an opinion presents for
determination the following questions:

          1.  Is the Criminal District Attorney
     of Bexar County required to represent the
     plaintiff in a child support case filed in
     a district court of Bexar County under
     House Bill 192, Acts 52nd Leg., R.S. 1951,
     ch. 377, p. 643?

          2.  If not, what procedure is the dis-
     trict court to follow in obtaining repre-
     sentation for the plaintiff in this State?

          Your factual situation relates to a peti-
tion, forwarded to Bexar County from the State of
Ohio, wherein support and maintenance is sought pur-
suant to Sections 8007-1 to 8007-19, General Code of
Ohio, referred to as the Reciprocal Act for Support
of Dependents. The State of Texas has a similar
law known as the Uniform Reciprocal Enforcement of
Support Act, which was enacted into law by House
Bill 192, Acts 52nd Leg., R.S. 1951, ch. 377, p. 643
(Arts. 2328b-1 to 2328b-3, V.C.S.). Section 12 there-
of provides as follows:

          "When a court of this State, acting as
     a responding state, receives from the court
     of an initiating state the aforesaid copies,

it shall (1) docket the cause, (2) notify
the District or County Attorney, (3) set
a time and place for a hearing, and (4)
take such action as is necessary in accord-
ance with the laws of this State to obtain
jurisdiction."

In the brief accompanying your opinion re-
quest, you have pointed out that this statute does
not expressly state that the district or county at-
torney, upon notification, shall represent the plain-
tiff in a civil proceeding in the district court of
this State, but you reach the conclusion that the duty
of representation is necessarily implied. Upon consid-
ering the background and provisions of the statute,
we agree with your conclusion.

The Texas statute, as well as the Ohio law,
is patterned after the Uniform Reciprocal Enforcement
of Support Act adopted by the National Conference of
Commissioners on Uniform State Laws at its 1950 meet-
ing. The availability of the remedies afforded by the
statute depends upon the enactment of a similar recip-
rocal statute in each of the interested states. The
only change which the Legislature of Texas made in the
text of the act as drafted by the National Conference
(except for the omission of a section on uniformity of
interpretation) was the exclusion of alimony for a
former wife from the duty of support. Section 12 of
the act drafted by the National Conference reads as
follows:

"When the court of this state, acting
as a responding state, receives from the
court of an initiating state the aforesaid
copies, it shall (1) docket the cause, (2)
notify the /here insert the name of the of-
ficial charged with the duty of carrying
on the proceedings/, (3) set a time and
place for a hearing, and (4) take such ac-
tion as is necessary in accordance with the
laws of this state to obtain jurisdiction."
(Handbook of National Conference of Commis-
sioners on Uniform State Laws, 1950, p. 175.)

It is clear from this provision that the legis-
lature in each state enacting the Uniform Law was to
designate an official to be "charged with the duty of

carrying on the proceedings." The Texas Legislature has designated the "District or County Attorney"; and we are of the view that the legislative intent was to charge the official with the duty of representing the obligee in the Texas court. If the Legislature has the power to impose this duty upon the district or county attorney, it would follow that your first question should be answered in the affirmative.

A proceeding filed under Part III of the Reciprocal Enforcement of Support Act is, we think, clearly a civil proceeding, and except with respect to claims for reimbursement under Section 8, it is an action between private individuals in which neither the initiating state nor the responding state is a party.

The Constitution of this State imposes upon the county or district attorney the duty to represent the State in all cases in the district and inferior courts. Tex. Const., Art. V, Sec. 21. It is established that this constitutional duty cannot be abridged by the Legislature. The question confronting us, however, is whether the Legislature may enlarge the duties of these officers beyond those expressly imposed by the Constitution. We have been unable to find any case directly in point; but in Bucaline Medicine Co. v. Standard Inv. Co., 25 S.W. 2d 259 (Tex. Civ. App. 1930, error ref.), the court held that the Legislature could impose upon members of the judiciary duties other than those imposed by the Constitution. Also see Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080, 1081 (1933). By analogy, we are of the opinion that the Constitution does not prohibit the imposition of additional duties upon the district or county attorney.

The enforcement of a duty to provide support has long been recognized as a matter of concern to the public as well as to the individual directly benefited thereby. The interest of the public is based not only on the criminal aspect of the failure to support but also on the attendant consequences to society and the likelihood of the dependent's becoming a charge upon public charity. An example of the recognition of the public nature of the duty is found in Section 13-A of Article 2338-1, V.C.S., which gives

the juvenile court the authority to enter a judgment against a parent for the support of a delinquent child. Indeed, the imposition upon the district or county attorney of duties incidentally involving the enforcement of a civil right of support is not novel in this State. Our statutes, while not authorizing the institution of an independent civil suit for maintenance and support, permit the enforcement of the civil obligation as an adjunct to a criminal prosecution instituted by the district or county attorney. Art. 604, V. P.C.; Ex parte Taylor, 137 Tex. 505, 155 S.W.2d 358 (1941). Since the enforcement of the duty of support is a matter of public as well as private concern, and since the officers of this State will be performing services only in instances in which reciprocal services will be accorded to this State, we are unable to say that the expenditure of public funds in compensating these officers and their assistants for the services would not be for a public purpose.

In view of the foregoing, we are of the opinion that Section 12 of House Bill 192 validly imposes upon the Criminal District Attorney of Bexar County the duty of representing the obligee in the proceeding to which you have referred.

Since we have answered your first question in the affirmative, it becomes unnecessary to answer your second question or to discuss the propriety of the court's proceeding with the case without representation for the obligee.

## SUMMARY

The Criminal District Attorney of Bexar County is required to represent the obligee in a support proceeding instituted in another state and filed in

a district court of Bexar County under
Section 12 of the Uniform Reciprocal
Enforcement of Support Act (H.B. 192,
Acts 52nd Leg., R.S. 1951, ch. 377, p.
643; Arts. 2328b-1 to 2328b-3, V.C.S.).

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:MKW:mh

PRICE DANIEL
Attorney General

By
Burnell Waldrep

Mary K. Wall
Assistants