**Ex parte John Kenneth MULLINS.**

**No. B–179.**

Supreme Court of Texas.

April 26, 1967.

Jordan, Davis & Barlow, Conway Jordan, Jr., League City, for relator.

Fuhrhop & Green, John R. Green, Dickinson, for respondent.

POPE, Justice.

Relator, John K. Mullins, instituted this habeas corpus proceeding after the Court of Domestic Relations of Galveston County adjudged him in contempt and committed him to the Galveston County jail for disobedience of that court's order to pay child support. Relator urges that the contempt and commitment orders are based upon a void child support order because the Court of Domestic Relations Number Three of Harris County, which granted the divorce, has exclusive jurisdiction over child support orders. We sustain relator's contention.

Relator, Mullins, sued his wife, Marguerite Elaine Mullins, for divorce in 1961. The suit was filed in the Court of Domestic Relations Number Three for Harris County, and that court granted relator's prayer for

divorce and awarded him the custody of the three children born of the marriage. The decree was silent about child support. The mother moved to Galveston County, and in 1963 she instituted a new action in that county to obtain custody of the three children. See, Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940). The Court of Domestic Relations for Galveston County awarded custody of the children to the mother. On August 19, 1966, the mother filed a motion in the Domestic Relations Court of Galveston County seeking child support. She filed her motion in the same court as a part of the former custody suit. After a hearing, the court ordered relator to pay $150.00 per month as child support. Relator's challenge to the court's jurisdiction to adjudicate and order child support was overruled on December 12, 1966. Relator complied with the order until December 1966, but then refused to make further payments. The mother instituted contempt proceedings, and after hearing, the Galveston court ordered relator committed to jail for three days and thereafter until he purged himself of contempt by paying all past due child support in the amount of $275.00.

■■ The Court of Domestic Relations Number Three of Harris County, which granted the divorce between relator and his wife, has exclusive jurisdiction to make orders concerning child support. Subsequent motions to change or modify child support orders constitute a continuation of the original cause of action for divorce and must be filed in the original divorce suit. Ex parte Goldsmith, 155 Tex. 605, 290 S.W. 2d 502 (1956); Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954); Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942); Ex parte Taylor, 137 Tex. 505, 155 S.W.2d 358 (1941).

■ The fact that the original divorce decree did not adjudicate child support does not alter this rule. In Goldsmith, supra, the original decree failed to order an adopting parent to support an adopted child but did order his support of his two natural children. In Roberts, supra, the original decree failed to provide for the support of an unborn child. In Taylor, supra, the original decree failed to order support for a child that was living at the time of the divorce. In each of these cases, the non-paying father was released on habeas corpus after being committed to jail for contempt of a child support order rendered in an action independent of the original divorce suit.

Article 4639a, since its adoption in 1935, has been consistently construed as granting exclusive jurisdiction to change and amend support orders to the court which rendered the original divorce decree. In 1961, article 4639a was amended so as to provide that a jury finding about custody must not be contravened by the trial court. Acts 57th Leg. p. 663, ch. 305. The statute was otherwise unchanged. The caption of the bill omits any reference to jurisdiction for hearing actions concerning support payments. It states only that it is an amendment to provide "that jury determination of child custody may not be contravened by judgment of the court upon granting a divorce * * *."

■ Since jurisdiction for hearing a motion to change or amend a child support order "lies in the court originally granting the divorce", Ex parte Webb, supra, the Court of Domestic Relations for Galveston County lacked jurisdiction and its support order was void.

The relator is discharged from custody.