**Ex parte James Charles WILLIAMS.**

**No. B–333.**

Supreme Court of Texas.

Nov. 1, 1967.

Crawford Parker, Jr., Carthage, for relator.

Milton E. Havlick, Jr., Tomball, for appellee.

POPE, Justice.

This is an original habeas corpus proceeding. Relator, James Charles Williams, was adjudged in contempt and confined for his disobedience of a court order requiring him to make support payments to a son and a married daughter until the younger child reached twenty-one. The support order was rendered before the son reached eighteen and after the daughter's marriage. Relator ceased making support payments after the son reached eighteen and urges that the order to make payments for either child is unauthorized by art. 4639a, Vernon's Ann.Civ.St. and is void. We agree and relator is discharged.

Relator and Clara M. Williams were divorced on July 2, 1951. The court awarded custody of the two minor children to the mother, and ordered relator to pay $15.00 per week until both children reached sixteen. During 1956 the district court held relator in contempt for his failure to pay support, but relator purged himself of the contempt by paying $3,000, that being the amount of the delinquent payments. On December 12, 1966, the court again held relator in contempt and he again purged himself by paying $750.00 which was owing. The court on January 3, 1967 rendered a new order which increased the amount of child support to $30.00 per week. The order further provided:

"* * * It is further ordered that the Divorce Decree, entered in the papers of the cause on July 2, 1951, ordering Defendant, James Charles Williams to pay child support, be extended to remain in full force and effect until the youngest of said children shall have reached the age of Twenty-one years * * *."

The order was silent about any delinquent support payments other than the $750.00. Relator paid the $750.00 and continued his weekly payments until March 19, 1967. That was the date his son reached eighteen, and his daughter had married prior to that date. Relator then ceased making all support payments, and it is his failure to pay support since that time for which he was found in contempt.

Article 4639a–1 authorizes support payments for persons who are not minors and who require custodial care, but it is not applicable in this case. Article 4639a is the source and limit of judicial power to order relator to pay child support. Ex parte Taylor, 137 Tex. 505, 155 S.W.2d 358 (1941); Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305 (1931). The statute authorizes an order for the payment of support until a child reaches the age of eighteen years, but not beyond. Ex parte Hatch, 410 S.W.2d 773 (Tex.1967).

The mother, Clara M. Williams, invokes our recent decision in Ex parte Hooks, 415 S.W.2d 166 (Tex.1967) as authority for the trial court's commitment of relator for his failure to pay support

beyond age eighteen. *Hooks* did not so hold. The arrearage owed in that case, as reflected by the court's order, had all accrued and the amount was definitely ascertained as a fixed and certain sum by an order of the court which was rendered before the children reached eighteen. The only judgment in this case which purports to ascertain any sum for delinquent support is the court's order of January 3, 1967 which ordered relator to pay $750.00. The trial judge found as a fact in this contempt proceeding that "the respondent complied with the order of the court by paying the $750.00 * * *." The court further found that relator paid support until the son reached eighteen. Unlike *Hooks,* the court order in the present case commanded payment of child support which accrued after the son reached eighteen.

■ The order was also void in ordering relator to pay support for his married daughter. The daughter married on October 4, 1966 at the age of sixteen. On January 3, 1967 the trial court ordered relator to continue his support of his married daughter until she became twenty-one. Relator's legal obligation to support his daughter ceased upon her marriage. She was then no longer a minor child. Article 4625, Vernon's Ann.Civ.St. provides that every female under the age of twenty-one who is lawfully married is deemed to be of full age. Thompson v. Crim, 132 Tex. 586, 126 S.W.2d 18 (1939); Spears v. Houston Fire & Casualty Insurance Co., 215 S.W.2d 896 (Tex.Civ.App. 1948, writ ref.). The duty to support the daughter, after her marriage, rested upon her husband. Art. 602, Vernon's Ann.Pen. Code; Morgan v. Drescher, 219 S.W.2d 488 (Tex.Civ.App.1949, writ ref. n. r. e.).

■ We conclude therefore that the order which commanded relator to support his son after he reached eighteen and his daughter after her marriage was unenforceable by contempt proceedings. The relator is discharged.