**Henry Robertson WHITESIDE, II, Appellant,**

v.

**Jean Morris DRESSER, Appellee.**

**No. 5634.**

Court of Civil Appeals of Texas, Waco.

Oct. 21, 1976.

Rehearings Denied Nov. 18, 1976.

Carl Robin Teague, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

John N. McCamish, Jr., Charles J. Fitzpatrick, Matthews, Nowlin, MacFarlane & Barrett, San Antonio, for appellee.

HALL, Justice.

The parties to this suit were formerly husband and wife. When they were divorced in 1972, the custody of their child was awarded to the mother, and the father was ordered to pay child support. The mother brought this suit in 1975 to terminate the parent-child relationship between the father and the child. She alleged that the father had failed to support the child in accordance with his ability during a period of one year ending within six months of the date she filed suit, and pleaded specific facts to support this contention. She alleged, also, that the termination would be in the best interest of the child.

The case was tried to a jury. The two issues submitted to the jury dealt only with the question of whether the father failed to support the child in accordance with his ability. The jury was not asked whether the termination of the father's parental rights would be in the best interest of the child. In its answers to the two issues, the jury made fact-findings which support the determination that the father failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the mother's petition. Judgment was rendered on the verdict terminating the parent-child relationship between the father and the child. In the judgment, the court expressly found that the termination is in the best interest of the child.

The evidence does not conclusively establish that the termination is in the best interest of the child. The father objected to the failure of the court to submit this question to the jury. The objection was overruled on the theory advanced by the mother that this is a question for the court only. The father assigns error to this ruling.

In its pertinent parts, V.T.C.A., Family Code § 15.02, provides, "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that: (1) the parent has . . . (F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . . and in addition, the court further finds that (2) termination is in the best interest of the child." Both of these elements are essential to the judgment of termination. *Wiley v. Spratlin*, 543 S.W.2d 349 (Tex.Sup.1976). Both are fact questions. Under the record before us, the father was entitled to have both submitted to the jury and the court erred in refusing to do so.

The father's remaining points and contentions are overruled.

The judgment is reversed, and this cause is remanded for another trial.