Henry Marshall BREWINGTON, Jr., Appellant,

v.

John L. WERTIN, III et ux., Appellees.

No. 6245.

Court of Civil Appeals of Texas, Waco.

Nov. 20, 1980.

William B. Ray, Copperas Cove, for appellant.

Floyd D. McGough, Central Texas Legal Clinic, Copperas Cove, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Brewington from judgment terminating the parent–child relationship between defendant and his two children.

Plaintiffs John L. Wertin, III, and wife Roberta Wertin brought this suit seeking to terminate the natural parental rights of defendant Brewington to his two minor children Todd (born in 1968) and Marlee (born in 1971). Plaintiff John Wertin, III also sought to adopt the two children. Plaintiff Roberta Wertin is the mother of the children.

Trial was to the court which terminated defendant's parent–child relationship, but severed the petition for adoption "to afford [defendant] if he elects to do so, to appeal the judgment [terminating the parent–child relationship]".

Defendant appeals on 3 points:

Points 1 and 2 assert the trial court erred in granting plaintiffs' petition to terminate the parental rights of defendant, for the reason plaintiffs did not satisfy the burden of proof, and that such action was an abuse of the trial court's discretion.

Plaintiff Roberta L. Wertin and defendant Brewington were married in 1967 while they were both in college; Todd was born in July 1968; Marlee was born in April 1971; Roberta and defendant separated in 1972; were divorced in 1974, in Arizona; Roberta was awarded custody of the two children and defendant was ordered to pay $50.00 per month per child in child support; since the divorce defendant has never visited or attempted to visit the children, and last saw the children in 1974; defendant has made no child support payment since 1975; is $5,000.00 in arrears on such payments; Roberta remarried in 1977 to John L. Wertin, III; Wertin is a Major in the United States Army; loves the children; wants to adopt them; at time of trial the boy was 11 and the girl 8; defendant makes over $3,000.00 per month; desires to pay $200.00 down on child support arrearage; $1,000.00 within a month; and $200.00 per month ($100.00 regular payment and $100.00 on arrearage) until arrearage is paid up; defendant admits having used drugs but testified he had not used same in last 5 to 10 years; defendant asks the court not to terminate his parent–child relationship with his children; but made no payments even after receiving service and papers in this case; defendant lives in Denver, Colorado; is single; does not seek custody of the children; plaintiffs live in Copperas Cove, Texas; plaintiff John L. Wertin, III is stationed at Fort Hood; has 17 years military service; plans to retire soon and go into business in Copperas Cove; the Wertins' home and financial conditions are good; the investigation ordered by the trial court recommended granting of the adoption and change of the children's names to Wertin.

◼ Termination of parent–child relationship between a parent and child may be granted if the trial court finds upon clear and convincing evidence that the parent has failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of the petition, and that such termination is in the best interest of the child. VATS Family Code Sec. 15.02; *DeGroot v. Hall*, Tex.Civ.App. (Waco) NRE, 526 S.W.2d 696; *Holley v. Adams*, Tex., 544 S.W.2d 367; *In the Interest of G. M. et al., Children*, Tex., 596 S.W.2d 846; *Whiteside v. Dresser*, Tex.Civ.App. (Waco) NRE, 543 S.W.2d 158.

We think the evidence clear and convincing in support of the trial court's judgment, and that the trial court did not abuse its discretion in terminating the parent–child relationship. Points 1 and 2 are overruled.

◼ Point 3 asserts the trial court erred in denying defendant's motion to dismiss at the conclusion of plaintiffs' case "on the

grounds that plaintiff had not proven the ability of defendant to pay support within the time prescribed by Section 15.02(1)(F) of the Texas Family Code".

When plaintiffs rested defendant's counsel stated: "I make a motion that the petition for termination be dismissed, in that there has been no evidence, required by law to show that the payments have not been made in the normal, customary and legal proof through the court as ordered in the decree in the State of Arizona".

The trial court overruled such motion.

The foregoing was the only motion to dismiss made by defendant. He did not move for dismissal "on the grounds plaintiff had not proven the ability of defendant to pay child support within the time prescribed by Section 15.02(1)(F) of the Texas Family Code".

Moreover, we think the record ample to prove the ability of defendant to pay the $100.00 per month child support.

Point 3 is overruled.

AFFIRMED.