**Gerald W. CALHOUN, Appellant,**

v.

**Diane Johnson CALHOUN, Appellee.**

**No. A2446.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 27, 1981.

Steve Elder, Hempstead, for appellant.

John R. Hamilton, Patricia Anne O'Kane, Houston, for appellee.

Michael J. Thibodeaux, Houston, ad litem.

Before J. CURTISS BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a default judgment in a divorce suit.

Gerald W. Calhoun (appellant) filed a motion for new trial after learning of the default judgment. It was overruled. He appeals, alleging that (1) the instant case was set for trial in Harris County for the week of November 26, 1979; (2) appellant's attorney also had a case set for trial that same week in Waller County; (3) the attorney had reason to expect a re-setting in the Waller County case and, therefore, did not file a motion for continuance in the Harris County case; (4) the attorney notified opposing counsel of the potential conflict on November 21, 1979; (5) on Monday, November 26, 1979, jury selection began in the Waller County case; (6) the same day, appellant's counsel had his secretary notify Christina Martinez by telephone of the conflict; (7) on Tuesday, November 27, 1979, the attorney's secretary notified Pat Patterson by telephone that he was still in trial in Waller County; (8) the Waller County trial was not over until December 4, 1979; (9) the nature of the Waller County case was such that the attorney could have tried the instant case during one of the extended breaks in the testimony given in the Waller County case; (10) on December 6, 1979, appellant received notice of the default judgment; and (11) appellant's answer and the sworn answers to interrogatories in the instant case "set up" a meritorious defense. Appellant also contends the trial court erred in refusing to set a hearing on damages, in hearing the case without a jury, and in failing to make requested findings of fact and conclusions of law. No statement of facts was filed in this court. Appellee did not file a brief.

■ *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939) sets forth the requirements for defendants seeking to set aside a default judgment and obtain a new trial. The judgment should be set aside and a new trial ordered in any case in which the defendant's failure to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to accident or mistake; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting therefore will occasion no delay or otherwise work an injury to the plaintiff. The rule also applies to default judgments entered on a party's failure to appear at trial. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966).

Appellant does not allege in his motion for new trial or in his appellate brief, and the record does not establish, who Christina Martinez and Pat Patterson are, what of-

**758**

fice they hold, or by what authority they act. Without more, it is impossible to determine whether the default was due to accident or mistake. In the absence of a statement of facts, we must presume that appellant's default was intentional or due to his conscious indifference.

■ However, even if we assume appellant has satisfied the first requirement of *Craddock*, he must do more than merely allege a meritorious defense in his original answer. He must *set up* such a defense by alleging *facts* which in law constitute a defense. *Ivy v. Carrell*, 407 S.W.2d 212. The record reflects that a hearing on the new trial motion was set. The order overruling the motion for new trial recites that the court considered the pleadings and evidence, heard the arguments of counsel, and found the motion should be overruled. Except for this recitation in the order, nothing in the record shows what transpired at the hearing on the motion. Appellant's brief merely recites that the pleadings and answers to interrogatories establish a meritorious defense. Absent a statement of facts, we must presume the judgment is sufficiently supported by the evidence. The recitations in the judgment, the absence of a statement of facts, and the lack of allegations concerning the defense lead us to conclude an evidentiary hearing was held and appellant presented no evidence of a meritorious defense.

Furthermore, appellant's brief does not address the matter of injury or delay. He did allege, in his new trial motion, that granting the motion would occasion no hardship to the appellee. The last requirement of the *Craddock* rule is that the motion must be filed at a time when the granting will occasion no delay to or otherwise injure the plaintiff. It was, therefore, appellant's burden to offer to and show that (1) he is ready, willing and able to go to trial immediately and (2) he is willing to reimburse the non-movant for all his reasonable expenses incurred in obtaining the default judgment. *Mitchell v. Webb*, 591 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1979, no writ). Appellant did not allege his

willingness either to proceed immediately or to reimburse appellee. Without a statement of facts, we must presume that appellant did not meet his burden at the hearing.

Appellant states that he timely filed his request for findings of fact and conclusions of law. However, there is no indication in the record that the evidence was conflicting on any issue, and the record available to us affirmatively shows that appellant was not prejudiced by the trial court's failure to file findings of fact and conclusions of law. *DeWeese v. Crawford*, 520 S.W.2d 522 (Tex. Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.).

Therefore, the judgment of the trial court is affirmed.

Affirmed.