**Melvin Lee ALEXANDER, Appellant,**

v.

**Patricia A. RUSSELL, Appellee.**

**No. 08–83–00028–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 14, 1984.

Rehearing Denied Dec. 12, 1984.

Stephen A. Hines, Merkin & Hines, El Paso, for appellant.

Hector I. Reyes, Daniel Anchondo, Robert S. Anchondo, Anchondo & Armendariz, El Paso, Richard Barajas, Fort Stockton, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

Melvin Alexander appeals from a default judgment by which the 243rd District Court of El Paso terminated his parental rights to his son. The appeal challenges the authority of the judge of the 327th District Court of El Paso County to act in the proceeding, the legal sufficiency of the evidence, alleged defects in the appointment of the guardian ad litem, the lack of notice and a disregard of a demand for a jury. The appeal is without a statement of facts. We affirm.

The transcript reveals examples of carelessness in the entry of orders, the filing of the papers and even the capacity with which the judges acted, all of which created considerable confusion in sorting out the proceedings. Melvin Alexander and Patri-cia A. Russell were divorced on October 10, 1978, by decree of the 243rd District Court in Cause No. 78–4534. In June, 1980, the Appellant filed in the 243rd District Court, same cause number, a motion to change the managing conservatorship and requesting his appointment as temporary managing conservator. This was granted, but the proceeding then ended in an order restoring the minor child to his mother. This order was entered in the 243rd District Court and is signed by Judge Enrique Pena as judge presiding of the 243rd District Court. Judge Pena is the judge of the 327th District Court. The two district courts have jurisdiction over El Paso County. With this order the confusion begins, as it recites that in that proceeding to change the managing conservatorship, the judge of the 243rd Judicial District Court disqualified himself to proceed and transferred the case to the 327th District Court and that the jurisdiction of the 327th District Court was "not in issue nor is it being challenged by any party to the lawsuit." Regardless of these recitals, the order was entered in the 243rd District Court and was signed by Judge Pena as judge presiding of the 243rd District Court.

On May 10, 1982, Patricia Russell filed her petition to terminate the parent-child relationship between the Appellant and the child alleging that the Appellant had failed to support the child according to his ability during a period of one year ending within six months of the date of the filing of this petition and that termination of the parental relationship was in the best interest of the child. This was filed in Cause No. 78–4534 and on the printed caption of the petition is "327th JUDICIAL DISTRICT." In hand, the "327th" is corrected with "243rd." The Appellant filed an answer to this petition on June 3, 1982, in the 243rd District Court. On September 8, 1982, Hector Zavaleta, an attorney, was appointed guardian ad litem in the proceeding and this appointment was under the same number, but in the 327th District Court and signed by Judge Edward Marquez, who is defined as "JUDGE." Judge Edward Mar-

quez is judge of the 65th District Court in El Paso County. On October 28, 1982, the Appellant made a request for a jury in the proceeding, the request being made in the 243rd Judicial District Court. On November 4, 1982, a hearing was held and the court rendered judgment terminating the Appellant's parental relationship to his son. The caption of the termination decree is printed in the 327th District Court and is signed by Judge Pena who signed as "JUDGE." The caption of the termination decree has been corrected in hand, as was the original petition, to reflect that the judgment came from the 243rd District Court and not the 327th District Court. This decree recites that William Crout was appointed as the guardian ad litem, that the Appellant although duly and properly cited did not appear and wholly made default, that a jury was waived and that all matters and controversy were submitted to the court. This order was approved by William Crout as guardian ad litem, and as stated is signed by Judge Pena as "JUDGE."

After the entry of the decree, a motion was filed in the 243rd District Court requesting substitution of counsel for the Appellant and this was granted by Judge Marquez as judge presiding in the 243rd District Court. Thereafter, the new counsel for the Appellant filed a motion for new trial in the 327th District Court. The transcript does not contain anything reflecting that any action was ever taken on that motion. Thereafter, within the ninety days required after the judgment was signed, Appellant filed his cost bond; however, it is noted that this cost bond is filed in the 327th Judicial District Court. Both the motion for new trial and the cost bond were filed in Cause No. 78–4534, being the original cause number in the divorce and in the proceeding filed to terminate conservatorship.

We have treated the motion for a new trial as having been filed in the proper court due to the fact that the correct docket number was used and that a correct cost bond was then filed, again due to the fact that the proper docket number was used

and it is obvious that both the motion for new trial and the cost bond were intended to be filed in the termination proceeding. No attack has been made on these proceedings by the Appellee within thirty days after the filing of the transcript in this Court. Any questions arising therefrom are treated by us as pertaining to informalities in the manner of bringing the case into court, and any objection thereto is considered as waived. Rule 404, Tex.R. Civ.P.

Appellant raises five points of error. Under Point of Error No. One, the Appellant contends that the 327th District Court was without jurisdiction to render judgment since the 243rd District Court was the court of continuing jurisdiction. The Appellant relies upon the principle that once the court acquires jurisdiction of a particular child and enters a final judgment, that court has continuing and exclusive jurisdiction over subsequent suits affecting that child until the matter is transferred to another court.

■ The Appellant argues that the decree of termination was heard and rendered in the 327th District Court. We do not agree. The transcript as presented to us shows that the petition for termination, the answer, the Appellant's request for a jury and the final decree of termination were all filed in Cause No. 78–4534 in the 243rd District Court. The printed heading on the petition and the decree of termination were originally printed as being filed in the 327th District Court and were then scratched out to show the 243rd District Court. This means that as far as our record is concerned, the petition and judgment were filed and entered in the proper 243rd District Court. That is what the District Clerk's certificate attached to the transcript reflects. There has been no attack on that certificate and no showing by bill of exceptions, statements of facts or otherwise that these proceedings were ever in any other court but the 243rd District Court.

The Appellant argues that the signature by Judge Pena who signed as "JUDGE" to the decree of termination establishes his point. That argument is without merit under the facts before us since he was acting as judge of the 243rd District Court. The constitution and statutes of this state have made provision for district judges to hold court for each other. The combined result of Tex. Constitution art. 5, sec. 11; Tex.Rev.Civ.Stat.Ann. arts. 1916 and 200b (Vernon Supp.1984); and Tex.R.Civ.P., Rule 330(e)(f)(g) is that any district judge in El Paso County may hear and determine any case or proceeding or any part thereof pending in any other of the District Courts of El Paso County. *Gaspard v. Gaspard*, 582 S.W.2d 629, 631 (Tex.Civ.App.—Beaumont 1979, no writ); *Balderas v. State*, 497 S.W.2d 298, 299 (Tex.Crim.App.1973); *Collins v. Miller*, 443 S.W.2d 298, 300 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). The district judges in El Paso County sitting as judges in this multidistrict court county should exercise extreme caution and should sign their orders in their proper capacity. However, the fact that they fail to so sign does not deprive them of their power to act for another judge under the above authorities and comparable facts. Appellant's Point of Error No. One is overruled.

In Point of Error No. Two, the Appellant contends there was insufficient evidence to support any finding as required under Tex.Fam.Code Ann. sec. 15.02 (Vernon Supp.1984). Section 15.02 sets out two elements a petitioning party must prove before a court terminates a parent-child relationship. These are 1) the commission of the proscribed conduct listed under sec. 15.02(1), and 2) that termination is in the best interest of the child under sec. 15.-02(2). The termination decree recites that all matters of law and fact were submitted to the court, and further recites that the court found that Appellant had failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition and that termination was in the best interest of the child. A court may grant a petition requesting termination of the parent-child relationship if the parent has failed to support the child according to his ability within six months of the date of filing of the petition. *See: Whiteside v. Dresser*, 543 S.W.2d 158, 159 (Tex.Civ.App. —Waco 1976, writ ref'd n.r.e.). Appellant did not file a statement of facts with this Court. Absent a statement of facts, this appellate Court must presume the judgment is supported by sufficient evidence. *Calhoun v. Calhoun*, 617 S.W.2d 756 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ). Point of Error No. Two is overruled.

Under Point of Error No. Three, Appellant contends the trial court erred in rendering judgment without the appearance of the guardian ad litem or notice to the representative of the final setting. The Family Code contains directory provisions concerning the appointment of a disinterested person to represent a child in a suit involving the termination of the parental relationship. Tex.Fam.Code Ann. sec. 11.10 (Vernon Supp.1984). The 327th District Court appointed Hector Zavaleta guardian ad litem of the parties' child on September 8, 1982. The termination decree from the 243rd District Court recites that William Crout was appointed guardian ad litem, and that the decree is approved by that guardian ad litem and he appeared at the hearing. The transcript does not contain an order reflecting a change in guardian ad litem. Appellee avers in her brief that Zavaleta withdrew from the cause of action after a motion to remove him was made by counsel for the Appellant and the trial court appointed Crout as the new guardian ad litem, and further stated that this change would be reflected in the statement of facts. Appellant states in his brief that Crout made a report with the trial court as attorney ad litem and the court awarded him attorney's fees.

As recited in the judgment, Crout, a disinterested person, was appointed by the court to represent the child. Since there is no statement of facts, but only the recitals made in the judgment, this point is overruled.

■ Under Point of Error No. Four, Appellant contends that the trial court could not grant the termination by default since he did not receive notice of a final hearing. A trial court may set contested cases for trial on the motion of any party, or on the court's own motion, with reasonable notice of not less than ten days to the parties. *Bosco & Sons Contracting Corporation v. Conley, Lott, Nichols Machinery Company,* 629 S.W.2d 142 (Tex.App.— Dallas 1982, writ ref'd n.r.e.); Rule 245, Tex.R.Civ.P. Failure to give the required notice of the trial setting is a ground for reversal. *Morris v. Morris,* 554 S.W.2d 792 (Tex.Civ.App.—San Antonio 1977, no writ). The decree recites that Appellant was duly and properly cited, did not appear and made default, but there is no recitation that ten days notice of trial setting was given to the Appellant. Regardless, the trial court is presumed to have heard the case only after proper notice. The cases cited by Appellant are those where the record affirmatively showed lack of notice of setting. It was incumbent upon Appellant to show by either the statement of facts or a bill of exception that he or his attorney did not get notice by personal service, registered mail or a method otherwise directed by the trial court. Point of Error No. Four is overruled.

■ Under Point of Error No. Five, Appellant contends the trial court erred in rendering judgment without a jury after he had requested a jury trial. Rule 220, Tex.R.Civ.P., provides:

When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.

The last sentence of this rule was added in a 1971 amendment.

In *Chandler v. Chandler,* 536 S.W.2d 260, 262 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd), the court in overruling a point similar to that in the case at bar stated:

When the absent party is the one who affirmatively asserts his right to a jury and has timely paid his jury fee, his absence shall be deemed as a waiver by him of the right to a trial by jury.

Point of Error No. Five is overruled.

The judgment of the trial court is affirmed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. There is no room in our judicial process for this kind of a determination of people's rights especially in such a serious matter as termination of parental rights. One judge gives the mother custody; less than two years later, based on pleadings of an emergency for the child's welfare, the judge of that same court changes the custody to the father; that judge apparently disqualified himself, at least he takes no further action in the case; another judge takes over and some six months later, in a lengthy order styled "A Memorandum Opinion," writes a dissertation on family law and ends up returning custody to the mother; then comes this severance of parental rights of the father, who six months before was found by the first court to be the more fit parent to have custody; in the severance of parental rights case, a third judge gets into the act on two different occasions, appoints a guardian ad litem (later displaced by another guardian ad litem, who appears in the final judgment although there is no order of his appointment) and signs an order allowing substitution of counsel. As indicated in our majority opinion, the real confusion centers on which court considered and determined the various matters involved. The case arose in the 243rd District Court and apparently ended there with an order labeled as the 243rd, but signed by the judge of the 327th District Court, not as "judge presiding in the 243rd", but simply as "Judge." Throughout the record the various pleadings and orders are styled

as being in both the 243rd and the 327th. Some of those originally typed as the 327th are struck out and 243rd is written in. This with no notation of who did it or under what authority or when. Some remain unchanged as being in the 327th. One such order out of the 327th is signed by the "Judge" of the 65th District Court.

As set out in the majority opinion, the district courts in El Paso may hold court for each other, but that does not cover the situation presented by this case. This parent-child relationship case is required by statute to be heard by the court where it orginated. The requirement is jurisdictional by its own terms and has long been zealously so construed by the courts. *See: Ex parte Mullins,* 414 S.W.2d 455 (Tex. 1967) and numerous authorities therein cited. Section 11.05 of the Family Code (Vernon Supp.1984) in part provides:

> [W]hen a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 or 17.06 of this code.

The record does not contain an order transferring this case from the 243rd where it originated. The vitally important matter of jurisdiction is resting on such tenuous grounds as scratched out and written in court designations, orders of one court signed by judges of other courts and resort to a presumption of continuing jurisdiction based on the clerk's standard transcript designation. The jurisdictional waters are further made muddy by a recitation in the "Memorandum Opinion" by the judge of the 327th reciting:

> Jurisdiction of the 327th Family District Court is not in issue nor is it being challenged by any party to the law suit.

This court order declaring jurisdiction should override a clerk's transcript certificate. If not, then it, combined with the other cited conflicts in the exercise and atempted exercise of jurisdiction by the different courts, calls for Appellant's Point of Error No. One to be sustained. The severance of parental rights is such a serious matter that it should not stand on the questionable jurisdiction presented by this record. This case should be remanded in the interest of justice for the error cited.

I would further clarify the majority opinion to make sure and to disclaim any misconception that it is holding that any El Paso judge can hear, in his own court, a parent-child matter subject to Section 11.05 of the Family Code. Article 200b, Tex.Rev. Civ.Stat.Ann. (Vernon Supp.1984) has no application to the real question of jurisdiction in this case. While it provides that a judge of one El Paso court may sit in the court of another judge, it does not alter the jurisdiction provided for by Section 11.05. Article 200b sec. 6, provides:

> Neither this Act nor any rule adopted under this Act may be construed to authorize any judge to act in a case of which his own court would not have potential jurisdiction under the constitution and laws of this State.

Jurisdiction of this case was fixed by the statute in the 243rd District Court. Undeniably, a judge of any of the other district courts of El Paso could preside in the 243rd. Unless they were actually presiding in that court, any action taken by the judge of another court in regard to this case would be void. *Ex parte Mullins, supra.*

> [A] court cannot exist without a judge. But a judge is not the court, although frequently the words are used interchangeably. A time when, a place where, and the persons by whom, judicial functions are to be exercised, are essential to complete the idea of a court.

*Ex parte Lowery,* 518 S.W.2d 897 (Tex.Civ. App.—Beaumont 1975, no writ), quoting the Supreme Court of Indiana.

Because of the questions surrounding the exercise of jurisdiction in this case, I would reverse and remand.